Birdie Amsterdam, J.
The instant motion is for an injunction pendente lite to restrain defendant from selling products bearing plaintiff’s name, brands and trade-marks below the minimum retail resale prices established for them pursuant to “ Fair Trade ” agreements. The complaint charges and the papers disclose that at various times since February 27,1961 defendant has willfully and knowingly sold plaintiff’s products at prices lower than the established fair-trade levels, despite specific warning, on and prior to April 16, 1960, that continued price cutting was in violation of the fair-trade agreements plaintiff had with retail druggists in the State of New York pursuant to section 369-a et seq. of the General Business Law.
In a previous action instituted against this defendant, plaintiff’s application for temporary injunctive relief was denied *966 because of the ineffectiveness of plaintiff’s program to enforce the maintenance of established minimum prices in the immediate vicinity of defendant’s establishment. That suit was settled without prejudice to plaintiff’s right to bring another fair-trade action if defendant was again found to be price cutting.
In the present action there is ample proof that plaintiff is uniformly vigorously enforcing its price-fixing program. Defendant does not deny that it is currently price cutting plaintiff’s fair-traded products.
Defendant argues that the Fair Trade contract involved here is unenforcibie against nonsigners, such as the defendant, on the ground that such enforcement is illegal and unenforcibie in Indiana where the contract was last executed. The authority cited by defendant for this proposition is Bissell Carpet Sweeper Co. v. Shane Co. (237 Ind. 188 [1957]). I find defendant’s contention untenable. What the Indiana case in fact held was that a minimum retail resale contract was valid in Indiana as to signers thereof, but that the contract could not be enforced in Indiana against a retailer who was not a party thereto. While Indiana could not enforce the contract against a nonsigner in Indiana, New York will enforce it against a nonsigner in New York, for section 369-b of the General Business Law of New York expressly provides for such enforcement.
The other objections raised to the granting of this motion do not merit discussion.
The motion is granted. Bond is fixed in the sum of $250.